United States District Court
Southern District of Texas
**ENTERED**
October 20, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **MICHAEL TAFRE PROWO NGUIVOUM,** | § | |
| | § | |
| **Petitioner,** | § | **CIVIL ACTION NO. 5:26-CV-101** |
| | § | |
| **V.** | § | |
| | § | |
| **WARDEN, et al.,** | § | |
| **Respondents.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Respondents' Opposed Request for Expedited Hearing and Advisory Regarding Intent to Remove to Burundi. (Dkt. No. 18). Petitioner, a citizen of Cameroon, was simultaneously ordered removed to Cameroon and granted withholding of removal. (Dkt. No. 1-1 at 3). The Court previously entered an order granting Petitioner's Petition for a Writ of Habeas Corpus and ordered Petitioner's release. The issue now before the Court is whether Respondents may re-detain Petitioner to effectuate his removal to Burundi, a third country. The Court finds that, under binding precedent, Respondents' motion should be granted.

## I. BACKGROUND

The Court previously entered an order granting Petitioner's Petition for a Writ of Habeas Corpus and ordered Petitioner's release by May 4, 2026. (Dkt. No. 16). Petitioner was timely released and has been out of custody since that time. (Dkt. No. 17). The Court also ordered that "Petitioner cannot be re-detained without a hearing before this Court to determine whether there has been a material change in circumstances; and he may only be subject to detention if there is a material change in circumstances." (Dkt. No. 16 at 8).

Petitioner was previously ordered removed to Cameroon and simultaneously granted Withholding of Removal under INA Section 241(b)(3). (Dkt. No. 16 at 1). The removal order became final on June 12, 2025. (*Id.*). The Court analyzed Petitioner's

claims of unlawful extended detention after a final order of removal under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). (Dkt. No. 16 at 1). The Court found that, because Petitioner was detained for over ten months after his order of removal became final, the six-month period of presumptively reasonable detention under *Zadvydas* had ended. (*Id.* at 5). The Court further found that Petitioner demonstrated that there was no significant likelihood of removal in the reasonably foreseeable future, and Respondents failed to provide evidence sufficient to rebut Petitioner's showing. (*Id.* at 6). At that time, Respondents did not contend that any third country had agreed to accept Petitioner. (*Id.*). Respondents presented "mere recitals on intent to remove Petitioner without evidence of concrete action or progress toward removal." (*Id.* at 6–7). Thus, the Court found that Petitioner was entitled to release.

Now, Respondents inform the Court that the Department of Homeland Security (DHS) has scheduled Petitioner's removal for October 22, 2026, to Burundi. (Dkt. No. 18). The Government submitted a declaration from a Unit Chief for the Removal Management Division of DHS.[1] (Dkt. Nos. 19-1 and 23-1). The declaration states that "Petitioner's name was accepted by the Government of Burundi as per our prior elevation request pursuant to the Third County Removal agreement that the Department of State negotiated and signed with the Government of Burundi." (Dkt. No. 23-1 at 2). The declaration states that "Petitioner's acceptance by the Government of Burundi and placement on the manifest for this charter serves as the travel document in the Petitioner's removal." (*Id.*).

Petitioner responded to Respondents' motion. (Dkt. No. 21). Petitioner argues that the diplomatic assurances from Burundi that the Government relies on existed before Petitioner was granted release. (*Id.* at 5). Petitioner also argues that the Government has not provided evidence demonstrating *when* Petitioner was placed on the charter manifest for the flight to Burundi. (*Id.* at 6). Petitioner also argues that he filed a motion in immigration court in August (a Motion to Reissue Decision and Grant Request for Asylum) challenging the denial of asylum. (*Id.* at 7–8). Petitioner states that he "does

[1] Respondents supplemented their initial declaration by filing a revised declaration under penalty of perjury. (Dkt. No. 23-1).

not seek enforcement of the stayed *D.V.D.*[2] judgment, an independent injunction against removal to Burundi, or judicial review of DHS's discretionary decision to execute the final removal order." (*Id.* at 10).

On October 10, 2026, the day after Respondents filed their emergency motion, the Fifth Circuit issued an opinion denying a petitioner's request to stay third-country removal. *Gakou v. Warden of Prairieland Det. Ctr.*, No. 26-10925, 2026 WL 3044209, at *1 (5th Cir. Oct. 10, 2026). The petitioner in *Gakou* was a native of Senegal who was set to be deported immediately to Sierra Leone. *Id.* Petitioner did not have a meaningful opportunity to address his fear-based claims as to the third country of Sierra Leone during his immigration proceedings, and the final order of removal did not mention Sierra Leone. Pet'r-Appellant's Emergency Mot. Stay Removal Pending Appeal at 7–9, *Gakou*, 2026 WL 3044209 (5th Cir. Oct. 9, 2026). The Circuit held that courts do not have jurisdiction to stay such a removal pursuant to 8 U.S.C. § 1252(g). *Gakou*, 2026 WL 3044209, at *1. The Fifth Circuit also explained that "the Supreme Court has effectively ratified third-country removal . . . when it granted certiorari . . . while still explicitly permitting the government to continue with third-country removals unabated pending full resolution on the merits." *Id.* (citing *Dep't of Homeland Sec. v. D.V.D.*, No. 26-426, 2026 WL 2917860 (U.S. Sept. 29, 2026)).

A hearing was held on Respondent's motion on October 19, 2026. Both parties appeared and provided argument. After the hearing, Petitioner filed supplemental briefing as to the Court's jurisdiction. (Dkt. No. 24). In his supplemental briefing, Petitioner states multiple times that he does not seek an order staying or otherwise prohibiting his removal to Burundi. (*Id.* at 3, 5).

---

[2] The parties appear to agree that Petitioner in this case is a member of the *D.V.D.* class. (Dkt. No. 18-1 at 1; Dkt. No. 21 at 10–11). In *D.V.D. v. U.S. Dep't of Homeland Sec.*, 821 F. Supp. 3d 102 (D. Mass. 2026), the district court held that class members have the right to meaningful notice before removal to any third country and that class members have the right to a meaningful opportunity to raise a country-specific claim against removal before removal to any third country. On September 29, 2026, the Supreme Court stayed the district court's judgment and granted certiorari to consider, in part, whether the Government's Guidance on third-country removals is unlawful. *Dep't of Homeland Sec. v. D.V.D.*, No. 26-426, 2026 WL 2917860 (U.S. Sept. 29, 2026).

The Court now grants Respondents' Request and finds a material change in circumstances such that Petitioner may be re-detained to effectuate his imminent removal. (*See* Dkt. Nos. 18, 19, 23-1).

## II. DISCUSSION

In *Zadvydas*,[3] the Supreme Court explained that 8 U.S.C. § 1231(a)(6), "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States," and "does not permit indefinite detention." 533 U.S. at 689. The Court established a "6-month presumption" of reasonableness following the issuance of a removal order. *Id.* at 701. After the six-month period of "presumptively reasonable" detention ends, a petitioner seeking release from detention must show there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701; *see also Andrade v. Gonzales*, 459 F.3d 538, 543–44 (5th Cir. 2006) (denying a *Zadvydas* claim where petitioner offers "nothing beyond conclusory statements"). Once a petitioner meets their burden, the burden shifts to the respondents to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Here, because Petitioner's detention must conform with due process, the standard *Zadvydas* analysis applies. The Court finds that there has been a material change in circumstances since its May 1, 2026 Order. Respondents have now met their burden to provide "evidence sufficient to rebut [the petitioner's] showing" that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701.

The evidence provided by Respondents demonstrates a significant likelihood of removal in the reasonably foreseeable future. Respondents have informed the court that DHS has scheduled Petitioner's removal for October 22, 2026, to Burundi. (Dkt. No. 18). The Government's declaration states that "Petitioner's name was accepted by the Government of Burundi as per our prior elevation request pursuant to the Third County Removal agreement that the Department of State negotiated and signed with the Government of Burundi." (Dkt. No. 23-1 at 2). The declaration further explains that

[3] The Court has previously ruled on Petitioner's indefinite detention claim. (Dkt. No. 16). The Court applies the same *Zadvydas* framework here.

"Petitioner's acceptance by the Government of Burundi and placement on the manifest for this charter serves as the travel document in the Petitioner's removal." (*Id.*).

The flight is scheduled to depart in two days, which makes Petitioner's removal imminent. Thus, Respondents have rebutted Petitioner's showing that he is unlikely to be removed in the reasonably foreseeable future. The Court finds that Petitioner's re-detention under these circumstances does not violate due process because there is a significant likelihood of removal in the reasonably foreseeable future. For that reason, the Court determines that Petitioner may be re-detained. *See Zadvydas*, 533 U.S. 701 (holding that a noncitizen "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future").

## III. CONCLUSION

For the foregoing reasons, Respondents' Opposed Request for Expedited Hearing and Advisory Regarding Intent to Remove to Burundi, (Dkt. No. 18), is **GRANTED**. No later than **October 26, 2026, at 5:00 p.m.,** Respondents shall provide the Court with a status update concerning Petitioner's removal.

It is so **ORDERED**.

**SIGNED** on October 20, 2026.

John A. Kazen
United States District Judge